**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES KEITH CORBIN, )<br>　　　　　　　　　　　　　　　)<br>　　　　Plaintiff　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>ENTERPRISE RECOVERY　　)<br>SYSTEMS,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　Defendant　　　　　　　) | **Civil Action No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

JAMES KEITH CORBIN ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ENTERPRISE RECOVERY SYSTEMS ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the state of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Lowell, Massachusetts.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection company doing business in Massachusetts and having its principal place of business at 2400 S. Wolf Road, Suite 200, in Westchester, Illinois, 60154.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

1692f.  The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.  In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692b.

14.  Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all pertinent times hereto, Defendant was allegedly hired to collect a debt relating to an alleged consumer debt owed to the University of Florida.

16. The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

17. Early in 2009, Plaintiff's spouse stopped making payments on an alleged debt owed for account number G25363.

18. From 2006 until his spouse stopped making payments, Plaintiff did not object to Defendant contacting him.

19. In June 2009, Defendant and its agents, employees and servants contacted Plaintiff's cellular telephone seeking and demanding payment of the alleged debt owed by his spouse.

20. Plaintiff informed Defendant that it was no longer authorized to call his cellular telephone. He also reminded Defendant that he was not the debtor.

21. Defendant continued to call Plaintiff on his cellular telephone during the day, which greatly inconvenienced Plaintiff who was working nights and sleeping days during this time period.

22. During one conversation with the Defendant, Plaintiff was told that his cellular telephone was on Defendant's "auto dialer list" and there was nothing that could be done about it.

23. Defendant's continued telephone calls to Plaintiff became so annoying and harassing that Plaintiff expressed his exasperation and hung up the telephone.

24. On October 22, 2009, Plaintiff received two (2) automated telephone calls from Defendant asking him to hold the line for information concerning a debt. No representative of Defendant's ever picked up the line and the call was terminated.

25. Plaintiff called Defendant back to inquire about why he was being contacted and was hung up on by Defendant's call representative.

26. Plaintiff then called Defendant back once more and was put in contact with "Ms. Angela Campbell", who also ended the call very abruptly.

27. On December 21, 2009, Attorney for Plaintiff's spouse sent a "Letter of Representation" to Defendant informing Defendant that no further contact should be made with Plaintiff's spouse regarding the alleged debt. A true and correct copy of the December 21, 2009 letter is attached hereto as Exhibit "A".

28. Further more the December 21, 2009 letter went on to state that any future contact regarding the alleged debt should be made to Plaintiff's spouses' attorney. See Exhibit "A."

29. On January 25, 2010, Defendant's agent "Ashley Smith" contacted Plaintiff once again on his cellular telephone looking for Plaintiff's spouse.

PLAINTIFF'S COMPLAINT

30. "Ashley Smith" first identified herself to Plaintiff as being from the University of Florida and not from Enterprise Recovery System.

31. Upon further pressing by Plaintiff, "Ashley Smith" revealed that she was actually calling on behalf of Defendant.

32. When Plaintiff told "Ashley Smith" that an attorney had sent Defendant a "Letter of Representation" and that Defendant was not supposed to call Plaintiff or Plaintiff's spouse regarding this account "Ashley Smith" responded that she had no listing of an attorney on file.

33. At this point Plaintiff gave "Ashley Smith" his attorney's name and hung up the telephone.

## CONSTRUCTION OF APPLICABLE LAW

34.. The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); <u>see also Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

35. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

36. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

37. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c. Defendant violated § 1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

    d. Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    e. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

    f. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

    g. Defendant acted in an otherwise deceptive, unfair and

unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, JAMES KEITH CORBIN, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAMES KEITH CORBIN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C

Date: October 21, 2010    By: /s/ Craig Thor Kimmel
    Craig Thor Kimmel
    Attorney ID # 662924
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (215) 540-8817
    Email: kimmel@creditlaw.com